UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PLATINUM FINANCIAL TRUST LLC and PLATINUM AUTO FUNDING LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> DOUGLAS CARTER, in his official capacity as the Superintendent of the Indiana State Police, <br> TERRY CURRY, in his official capacity as the Prosecutor of Marion County, Indiana, and <br> JOHN R. LAYTON, in his official capacity as the Marion County Sheriff, <br><br> Defendants, <br><br> vs. <br><br> ALLY FINANCIAL <br><br> Intervenor Defendant. | No. 1:17-cv-00075-JMS-MPB |

## **ORDER**

Presently pending before this Court are two motions—a Motion to Intervene, filed by Intervenor Defendant Ally Financial, Inc. ("Ally"), [Filing No. 20], and a Joint Motion to Stay Proceedings filed by Platinum Financial Trust LLC ("Platinum Financial"), Platinum Auto Funding LLC ("Platinum Funding"), and Ally, [Filing No. 30].

## I.
### BACKGROUND

On January 10, 2017, Platinum Financial and Platinum Funding filed a complaint for injunctive relief and damages against Indiana State Police Superintendent Douglas Carter, Marion County Prosecutor Terry Curry, and Marion County Sheriff John R. Layton, each in his official

1

capacity. [Filing No. 1.] Platinum Financial and Platinum Funding allege that they were deprived of their rights under the Fourth, Fifth, and Fourteenth Amendments when the Indiana State Police and the Johnson County Sheriff's Department seized several motor vehicles (the "Vehicles") from their property. [Filing No. 1 at 4-6.] Platinum Financial and Platinum Funding also state that "[o]n February 26, 2016, a complaint was filed in Johnson County Superior Court . . . seeking to quiet title for the [V]ehicles and for declaratory judgment." [Filing No. 1 at 4.]

On February 8, 2017, Ally Filed a Motion to Intervene pursuant to Federal Rule of Civil Procedure ("FRCP") 24. [Filing No. 20.] Ally—"an auto finance company that is in the business of indirectly financing the purchase or lease of automobiles"—alleges that it maintains a first priority security interest in twelve of the Vehicles. [Filing No. 21 at 2-3.]

On March 24, 2017, Platinum Financial, Platinum Funding, and Ally filed a Joint Motion to Stay Proceedings. [Filing No. 30.] This Motion is opposed by Superintendent Carter and Prosecutor Curry, [Filing No. 35], as well as Sheriff Layton, [Filing No. 37].

Both Motions are now ripe for review and the Court will consider and rule upon each in turn.

## II.
### DISCUSSION

**A. Ally's Motion to Intervene [Filing No. 20]**

In support of its Motion to Intervene, Ally contends that it is party to two suits in state court involving the Vehicles. First, Ally is one of the defendants in Platinum Financial and Platinum Funding's Johnson County suit "to determine each Party's rights to the [V]ehicles." [Filing No. 21 at 2.] Second, prior to Platinum Financial and Platinum Funding allegedly purchasing an interest in the Vehicles, Ally filed suit in Marion County seeking to establish, among other things, its superior title to the Vehicles and its right to possess the same. [Filing No. 21 at 2-3.] Ally

2

argues that it is entitled to Intervene as of Right pursuant to FRCP 24(a)(2) because: (1) its Motion is timely; (2) it has an interest related to the subject matter of the case by claiming superior interests and rights in the Vehicles; (3) it risks impairment of its interests and rights in the Vehicles if Platinum Financial and Platinum Funding are granted possession and control of the Vehicles; and (4) it is not represented by any of the current parties in the case. [Filing No. 21 at 7.] In the alternative, Ally argues that it should be granted permissive intervention pursuant to FRCP 24(b)(1) because its interest in the Vehicles represents a common question of law or fact and intervention will neither delay nor otherwise prejudice the adjudication. [Filing No. 21 at 7-8.]

Neither the Plaintiffs nor the Defendants responded to Ally's Motion to Intervene.

FRCP 24(a)(2) provides that on a timely motion, the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "The proposed intervenor has the burden of proving each element, and lack of even one element requires denial of the motion." *Am. Nat'l Bank & Trust Co. of Chicago v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989).

The Court finds that Ally has met its burden of proving each element of FRCP 24(a)(2). By filing its motion less than one month after the complaint was filed, Ally acted reasonably and promptly. *See Nissei Sangyo Am., Ltd. v. U.S.*, 31 F.3d 435, 438 (7th Cir. 1994) (holding that the timeliness requirement of FRCP 24(a)(2) sets out a reasonableness standard whereby "potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly."). In addition, by claiming a first priority security interest in the Vehicles, Ally has demonstrated that it has a "direct, significant[,] and

3

legally protectable" interest in the same property that is the subject of this suit. *Wisconsin Educ. Ass'n Council v. Walker*, 705 F.3d 640, 658 (7th Cir. 2013). Further, Ally's interests in the Vehicles would be impaired were this Court to return the Vehicles to Platinum Financial and Platinum Funding, as requested in their prayer for relief, [Filing No. 1 at 6]. *See Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994) (citation omitted) (holding that impairment under FRCP 24(a)(2) exists when the decision of a legal question "would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding."). Finally, Ally has met its "minimal" burden of showing that its interests are not already represented in this suit. *See Lake Inv'rs Dev. Grp., Inc. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1261 (7th Cir. 1983) (stating that this element of FRCP 24(a)(2) "is satisfied if the applicant shows that representation of his interest 'may be' inadequate" and that "the burden of making that showing should be treated as minimal.").

Because Ally has met its burden of proving that it is entitled to intervene as of right pursuant to FRCP 24(a)(2), its Motion to Intervene, [Filing No. 20], is **GRANTED**.

### B. Platinum Financial, Platinum Funding, and Ally's Joint Motion to Stay Proceedings [Filing No. 30]

The Court next considers Platinum Financial, Platinum Funding, and Ally's Joint Motion to Stay Proceedings. [Filing No. 30.] In support of their Motion, the parties contend that "[c]ounsel for the Plaintiffs and Intervenor Defendant have discussed this matter and believe that a stay of the proceedings is appropriate at this time." [Filing No. 30 at 2.]

Superintendent Carter and Prosecutor Curry oppose the Motion to Stay Proceedings, arguing that the Johnson County Superior Court is not a higher Court than the Southern District of Indiana and "there is no pending issue of law [in the Johnson County case] that would be significant to the outcome of plaintiffs' constitutional claims against the State defendants." [Filing No. 35 at 2-3.] Superintendent Carter and Prosecutor Curry further argue that they would be

4

prejudiced by a delay in discovery, and that Platinum Financial, Platinum Funding, and Ally failed to assert any legal or factual basis to support a stay. [Filing No. 35 at 2-3].

Similarly, Sheriff Layton opposes the Motion to Stay Proceedings, arguing that "[a]lthough Plaintiffs and Ally ask the Court to stay this action, they did not offer any reason why it should be stayed." [Filing No. 37 at 1.] Moreover, Sheriff Layton argues that "[t]he Marion County Sheriff's Office did not seize the property at issue" and "is not now and has never been in possession of the subject vehicles." [Filing No. 37 at 2.] Accordingly, Sheriff Layton argues that the claims against him fail as a matter of law and he should not be delayed in moving forward to present his defense. [Filing No. 37 at 2-3.]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). However, a stay "requires a good justification." *Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

The Court agrees with the Defendants that Platinum Financial, Platinum Funding, and Ally failed to assert any legal or factual basis to support their requested stay. Without any indication as to why a stay should be granted, the Court is unable to conduct the analysis required by the Seventh Circuit to consider a stay in instances of concurrent state and federal actions. *See Clark v. Lacy*, 376 F.3d 682, 685–86 (7th Cir. 2004) (setting forth a two-part analysis to determine whether a stay is appropriate in cases involving concurrent state and federal actions). Accordingly,

Platinum Financial, Platinum Funding, and Ally's Joint Motion to Stay Proceedings, [Filing No. 30], is **DENIED**.

### III.
#### CONCLUSION

For the reasons set forth herein, Ally's Motion to Intervene is **GRANTED**, [Filing No. 20], and Platinum Financial, Platinum Funding, and Ally's Joint Motion to Stay Proceedings, is **DENIED**, [Filing No. 30].

As a final matter, the Court notes Sheriff Layton's representations in his opposition to the motion to stay proceedings that the Marion County Sheriff's Office "did not seize the property at issue," and "is not now and has never been in possession of the subject vehicles." [Filing No. 37 at 2]. Accordingly, the Court requests that the Magistrate Judge conduct a status conference with the parties at his earliest convenience to address whether the named Defendants are proper parties to this suit.

Date: 6/14/2017

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**